BENJAMIN G. BOCHNER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5900–74. Filed February 22, 1977.

---

Benjamin G. Bochner, pro se.
*John C. McDougal,* for the respondent.

STERRETT, *Judge:* Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1971 in the amount of $1,952.61. The issues for decision are: (1) Whether petitioner's tax home was Glendora, Calif., during the year at issue thereby entitling him to deduct travel and living expenses incurred in connection with temporary employment away from Glendora; (2) whether respondent has fairly raised the issue of substantiation of certain of the aforenoted expenditures and, if so, whether petitioner has substantiated said expenses; and (3) whether petitioner is entitled to a theft loss deduction.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference.

Petitioner Benjamin G. Bochner resided in Lynchburg, Va., at the time he filed his petition herein. He timely filed his 1971 Federal income tax return with the District Director of Internal Revenue, Ogden, Utah.

Petitioner, an engineer, was employed by Aerojet General Corp. (Aerojet) from 1966 until he was released on February 20, 1970.[1] At the time he was laid off petitioner resided in an apartment in Glendora, Calif., where he had lived since 1957. Petitioner continued to occupy the apartment until January 1971. During 1970 and early 1971 he received unemployment insurance and sought a new job as an engineer, primarily in the Glendora area. Petitioner desired to remain in Glendora and thought it afforded him the best opportunity to secure a new job due to his contacts there.

On January 11, 1971, petitioner obtained temporary employment with Arde Technical Specialists of Encino, Calif. The work, which was to last between 3 and 6 months, was to

---

[1] Approximately 50 percent of the engineers employed by Aerojet were released in early 1970.

be performed in Richland, Wash. Petitioner lived and worked in Richland until May 24, 1971. During his stay in Richland he rented an apartment for $125 per month without a written lease.

On June 4, 1971, petitioner obtained temporary employment with a maximum expected duration of 6 months in Boston, Mass., with TAD, Inc. He worked in Boston for approximately 4 months during which period he resided in an apartment at a cost of $180 per month. He had been forced to sign a lease for 6 months. His assignment was completed and he was released on September 30, 1971.

In November 1971 petitioner again was hired by Arde Technical Specialists for temporary employment, 2 to 4 months, in Richland, Wash. Petitioner went directly from Boston to Richland without returning to Glendora and resided in an apartment in Richland until January 10, 1972. His rental cost was $165 per month. He did not have a written lease.

During 1971 petitioner, hoping ultimately to return to Glendora, retained his apartment, which he rented for $100 per month, and the furnishings therein. On January 10, 1972, petitioner obtained a permanent position with Vitro Engineering in Richland, Wash. Upon securing this job he relinquished his Glendora apartment.

During 1971 petitioner had no connection with Glendora other than his apartment and the furnishings therein. His ex-wife and their three children lived in San Jose, Calif., and petitioner owned a house which he rented in San Diego.

On his return for 1971 petitioner deducted $9,323.96 for travel expenses including meals and lodging. Of this amount $4,357 was deducted as the cost of meals and $373.45 was deducted as the cost of laundry. Respondent disallowed the claimed deduction as follows:

(a) The deduction of $9,323.96 claimed for business travel expense away from home is not allowed because it has not been substantiated that ordinary and necessary business expenses were expended away from an established tax home. Further, it has been determined that as you moved from job to job, each place where you worked became your principal place of business and likewise your tax home whereby expenses at each job location represent nondeductible personal living expenses under Section 262 of the Internal Revenue Code. Since the provisions under Section 162 of the

Internal Revenue Code have not been met, taxable income is increased $9,323.96.

While petitioner resided in Boston his automobile was stolen. Under the terms of his insurance policy, the insurer paid petitioner $1,200 as compensation for the theft of the car. On his 1971 return petitioner deducted $1,821.25 as a casualty loss. Respondent disallowed the deduction to the extent it exceeded $1,481.25.

OPINION

Section 162(a)(2),[2] I.R.C. 1954, allows a deduction for "traveling expenses * * * while away from home in the pursuit of a trade or business." To qualify for a deduction under this section, three conditions must be met, to wit: (1) The expenses must have been ordinary and necessary; (2) the expenses must have been incurred while petitioner was "away from home"; and (3) petitioner must have incurred the expenses in the pursuit of his business. *Commissioner v. Flowers*, 326 U.S. 465 (1946), rehearing denied 326 U.S. 812 (1946). The first issue in the instant case is whether petitioner, at the time the claimed expenditures were incurred, was "away from home."

This Court has consistently held that, generally, a taxpayer is expected to maintain his home in the vicinity of his principal place of employment. *Emil J. Michaels*, 53 T.C. 269, 273 (1969). If a taxpayer elects for reasons personal to him to reside far from his place of employment, traveling expenses to and from work are nondeductible personal expenses. Sec. 262. However, an exception to the rule of nondeductibility is applicable when the taxpayer's employment is temporary rather than indefinite. *Peurifoy v. Commissioner*, 358 U.S. 59 (1958), affg. 254 F.2d 483 (4th Cir. 1957). In such case it would be unreasonable to expect the taxpayer to move his residence and the travel expenses are deductible. *Truman C. Tucker*, 55 T.C. 783 (1971).

---

[2] SEC. 162(a).IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business.

In the instant case the parties agree that each of petitioner's jobs during the year at issue was temporary. Petitioner asserts that Glendora was his tax home in 1971 and concludes that, in light of the parties' agreement regarding the temporary nature of his employment, he was away from home at the time the expenditures were incurred. Respondent, fully in accord with petitioner's logic, disputes as a factual matter that Glendora was petitioner's tax home in 1971. It is respondent's position that petitioner's contacts with Glendora were minimal so as to preclude Glendora from being his tax home. Rather respondent contends that petitioner carried his tax home on his back. See *Kenneth H. Hicks,* 47 T.C. 71 (1966).

The obvious precondition to a taxpayer being "away from home" is that he have a home in the first instance. In the context of section 162(a)(2) the taxpayer must incur substantial continuing living expenses at a permanent place of residence.[3] *James v. United States,* 308 F.2d 204 (9th Cir. 1962). Such requirement is in accord with the purpose underlying section 162(a)(2), that being to mitigate the burden falling upon the taxpayer who, due to his business, must maintain two places of abode and thereby incur additional and duplicate living expenses. *Truman C. Tucker, supra* at 786.

After careful consideration of the record, and while perhaps not entirely free from doubt, we have concluded that Glendora ceased to be petitioner's tax home in 1971. Focusing on the objective evidence, petitioner's contacts with Glendora can be characterized as minimal. He ceased to be present in that city after mid-January. He had no business connection with Glendora. In light of the large number of layoffs, his prospects for future employment in that area lacked promise. He had no family there. His sole connection with the area was his apartment which he retained because he desired to return to Glendora. This, in and of itself, is insufficient to justify a decision in petitioner's favor. To hold otherwise would place petitioner's home where his heart lies and render section 162(a)(2) a vehicle by which to deduct the full spectrum of

---

[3] Such residence need not be maintained for one other than the taxpayer. *Irving M. Sapson,* 49 T.C. 636 (1968).

one's personal and living expenses. *Frank D. Scotten,* T.C. Memo. 1966–206, affd. 391 F.2d 274 (5th Cir. 1968).

Moreover, we think it clear that in light of the lack of employment opportunities in the vicinity of Glendora, petitioner's election to retain his apartment rather than to move to greener pastures was made despite rather than because of his trade or business. *Truman C. Tucker, supra* at 787. We recognize that transplanting oneself into new surroundings is not the easiest of tasks and that it is natural for one to desire to stay in familiar surroundings. This is not sufficient to render the place where one would like to be his tax home. *Kenneth H. Hicks, supra* at 73. Where one seeks to remain, as petitioner has done, in a place affording little or no job opportunities, such choice is not business related. Simply put, any duplicate expenses, i.e., rental costs, incurred by petitioner were the result of considerations personal to him and are nondeductible under section 262.[4]

Our resolution of this issue makes it unnecessary to consider the question of substantiation of expenses.

The final issue is whether petitioner is entitled to a theft loss deduction. Petitioner has failed to demonstrate that the stolen automobile had a value in excess of the insurance proceeds received therefor. Hence he has not shown that he sustained a loss not compensated by insurance in excess of that allowed in respondent's determination which is, in this respect, sustained.

*Decision will be entered for the respondent.*

---

[4] SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES.

Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.