ARLENE C. WOLF LILLIE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lillie v. Commissioner
Docket No. 3342-76.
United States Tax Court
T.C. Memo 1978-106; 1978 Tax Ct. Memo LEXIS 407; 37 T.C.M. (CCH) 482; T.C.M. (RIA) 780106; March 20, 1978, Filed Arlene C. Wolf Lillie, pro se. Joseph R. Peters, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $241.16 in petitioner's Federal income tax for 1973. The issues presented are: (1) the amount of a casualty loss sustained by petitioner, (2) the deductibility of certain unsubstantiated uniform expenses, and (3) whether certain lodging and transportation expenses are deductible as business expenses incurred "while away from home." FINDINGS OF FACT Petitioner, Arlene C. Wolf Lillie, resided in Silver Lake, Wis., at the time her petition herein was filed. Petitioner filed her 1973 Federal income tax return with the District Director of Internal Revenue, Chicago, Ill. In 1972 petitioner resided in a mobile home which was owned *408 by her and located in Des Plaines, Ill., a suburb of Chicago. In January 1973 petitioner relocated her mobile home to Silver Lake for reasons pertaining to her health. During 1973 petitioner was employed as a waitress in numerous restaurants in the metropolitan Chicago area. Because the distance between her residence in Silver Lake and the situs of her employment exceeded 50 miles, petitioner rented a room in the Chicago area in which she lived during at least a portion of 1973. Petitioner occasionally rented an automobile for travel between her rented quarters and residence in Silver Lake. Sometime during the year in issue, petitioner sustained a casualty loss from water damage to her mobile home. Petitioner, on her 1973 return, claimed a $2,100 casualty loss and a deduction in the amount of $400 for uniform expenses. In an amended petition she also asserted the deductibility of the previously mentioned expenses incurred by her for automobile rental and room rent. Respondent, in a statutory notice of deficiency, disallowed $1,000 of the claimed casualty loss and the entire amount of the uniform expense deducted by petitioner on her return. Respondent further denied in *409 his answer that petitioner was entitled to the deduction asserted by her for lodging and transportation expenses. OPINION The first issue presented is whether the casualty loss sustained by petitioner exceeded the $1,100 amount allowed by respondent. Petitioner appeared at trial and presented oral and written evidence on this point. Unfortunately for petitioner, the evidence she presented indicated that her loss did not exceed the amount allowed by respondent. We therefore sustain respondent's determination on this point. With respect to the disputed uniform expenses, petitioner was either unwilling or unable to substantiate any portion of such expenses at trial, despite the repeated urging of the Court that she do so. In view of the lack of substantiation or specific testimony on this point, petitioner is not entitled to any portion of the claimed deduction. Rule 142, Tax Court Rules of Practice and Procedure.[1]
*410 The final issue is the deductibility of petitioner's expenses for lodging in the Chicago area and for transportation between such lodging and her mobile home in Silver Lake. Petitioner maintained the mobile home in Silver Lake for personal reasons, residing there only intermittently. She had no business ties to Silver Lake, and has not alleged that her employment in the Chicago area was temporary. Consequently, petitioner's tax home was the Chicago area where she was employed and maintained a rented room. Bochner v. Commissioner,67 T.C. 824 (1977); Tucker v. Commissioner,55 T.C. 783 (1971). Accordingly, we hold that petitioner did not incur the lodging expenses while away from home and that her automobile rental expenses were personal in nature. Therefore, neither expense is deductible. Section 1.262-1(b), Income Tax Regs.
Decision will be entered for the respondent. Footnotes
1. While petitioner testified at trial, she did not specify how many uniforms were purchased or that she acquired them in 1973. Nor did petitioner produce any of the clothing or receipts at trial. Under the circumstances, it is therefore impossible to arrive at even a reasonable estimate of the amount of petitioner's uniform expenses in 1973.↩