DAVID L. and DOROTHY K. COX, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cox v. Commissioner
Docket No. 7735-76.
United States Tax Court
T.C. Memo 1979-33; 1979 Tax Ct. Memo LEXIS 491; 38 T.C.M. (CCH) 136; T.C.M. (RIA) 79033; January 24, 1979, Filed David L. Cox, pro se. Thomas G. Norman, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1974 in the amount of $ 2,144.65 and an addition to tax under section 6653(a), I.R.C. 1954, [1] in the amount of $ 234.53. The issue for decision is whether David L. Cox is entitled to a deduction in the amount of $ 7,671 as ordinary and necessary business expenses incurred while *492 away from home in the pursuit of a trade or business. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. David L. Cox, whose legal residence at the time of the filing of the petition in this case was Rosenberg, Texas and his wife, Dorothy K. Cox, whose legal residence at the time of the filing of the petition herein was Wilmington, North Carolina, filed a joint Federal income tax return for the calendar year 1974. David L. Cox (hereinafter petitioner) is an electrician by trade. In 1970 petitioner accepted employment in Wilmington, North Carolina and moved his family from Jacksonville, Florida, where they had been living and petitioner had been working, to Wilmington, North Carolina. When petitioner initially came to Wilmington he worked for a cable television company and later began to work as an electrician on a plant that Davis Electrical Constructors, Inc. (Davis) was building for dePont near Wilmington, North Carolina. In December 1973, petitioner's work at the duPont plant near Wilmington was terminated and the superintendent *493 of the project offered him a job with Davis in Florence, South Carolina. In December 1973 petitioner began working on the job in Florence, South Carolina. When he took the job in Florence he was told that the electrical work on that project would be completed about July of 1974. While petitioner was working in Florence, South Carolina his family continued to live in the home they had been living in since approximately 1970 in Wilmington, North Carolina. Petitioner was told by an employee of Davis at the Florence, South Carolina project that there were jobs for electricians on a Virginia Electric Power Company plant being built by Brown and Root, Inc. in Virginia. In early February of 1974 petitioner contacted the superintendent of Brown and Root who was in charge of the electrical work on the plant in Virginia and was offered employment there. At the time of the offer petitioner was told that the work on the power plant would be completed July 1, 1975. Petitioner accepted the work in Virginia even though it was 300 miles from Wilmington since the project would last for approximately a year longer than the project at Florence was expected to last. In late 1973 and early *494 1974 work as an electrician on construction projects was difficult to obtain. Petitioner had no contract with respect to his employment by Brown and Root as an electrician on the power plant. Petitioner was not a member of a labor union. When petitioner accepted the job in Virginia he considered the advisability of moving his family to a location near the Virginia site for the period of approximately 16 months that he was informed would be the maximum length of his employment on the power plant project. Petitioner considered Wilmington, North Carolina to be his home. At that time petitioner had two teenage daughters who were enrolled in school in Wilmington and active in church work there. He did not want to disrupt their lives by moving them near the job site in Virginia for a period of about 16 months. Therefore, petitioner's wife and two daughters remained in the home in Wilmington, North Carolina during the entire period of petitioner's employment in Virginia from March 1974 until July 1975. His employment with Brown and Root in Virginia was terminated in July of 1975 because of completion of the power plant project. Petitioner returned to Wilmington, North Carolina where *495 he obtained employment on a construction project. Petitioner continued to live in Wilmington and to work on the construction project there until March of 1976. On their joint Federal income tax return for the calendar year 1974 petitioners claimed as an employee business expense a deduction of $ 3,825 as travel expenses and a deduction of $ 4,696 as expenses for food and lodging and incidental items while away from home in pursuit of a trade or business. Respondent in his notice of deficiency disallowed $ 3,396 of the travel expense deduction claimed by petitioners and disallowed $ 4,275 of the claimed deduction for food and lodging while away from home. [2] Respondent in his notice of deficiency explains each of these disallowances as being because the amounts did not constitute ordinary and necessary business expenses and because it has not been shown that the amounts were expended for the purposes designated. At the trial respondent's counsel conceded that the amounts were expended by petitioner and that they were properly deductible if petitioner's employment in Virginia was considered temporary rather than indeterminate or indefinite. *496 OPINION Section 162(a)(2) [3] provides for a deduction for traveling expenses while away from home in the pursuit of a trade or business. It has long been settled that in order to be entitled to a deduction under this provision, the expenses incurred must be ordinary and necessary, incurred while away from home and incurred in the pursuit of a trade or business. Commissioner v. Flowers,326 U.S. 465 (1946). Respondent in this case, in his memorandum filed with the Court citing the three conditions required for deductibility of travel expenses in the Flowers case, specifically stated that he did not question that the expenses were ordinary and necessary, that the amounts claimed to be deductible were expended or that petitioner's activities on the power plant in Virginia were in pursuit of a trade or business. The only issue between the parties is whether petitioner was "away from home" within the meaning of section 162(a)(2). *497 As we pointed out in Bochner v. Commissioner,67 T.C. 824 (1977), this and other courts have recognized that a taxpayer ordinarily is expected to maintain his home in the vicinity of his principal place of employment and if for personal reasons he elects to maintain his residence in another location his expenses of traveling to his place of employment and his expenses for food and lodging incurred at his place of employment are personal expenses and not deductible. Section 262. However, this rule is not applicable where the taxpayer's employment is temporary and of short duration, as distinguished from indefinite or indeterminate. Cockrell v. Commissioner, 321 F.2d 504, 507 (8th Cir. 1963), affg. 38 T.C. 470 (1962); Tucker v. Commissioner, 55 T.C. 783 (1971). As was pointed out in the Tucker case at 786, it has been held in a number of cases that the purpose of allowing the deduction of living expenses while a taxpayer is away from home is "to mitigate the burden of the taxpayer who, because of the exigencies of his trade or business, must maintain two places of abode and thereby incur additional and duplicate *498 living expenses." The cases involving the issue of whether a taxpayer's employment is temporary rather than indefinite or indeterminate are legion. However, no rule of thumb has been developed in these cases for ascertaining whether employment is temporary. Each case has been decided on the basis of its particular facts. Some of the facts that have been considered have been whether the employment was for a limited period and, if so, the duration of that period, the nature of the taxpayer's work and the reasonableness of the taxpayer's decision not to move his residence. Weighed in the light of the criteria laid down in the various cases, we conclude that petitioner's employment at the power plant in Virginia was temporary. The record is completely clear that petitioner knew the project would be completed by July 1, 1975, and therefore the maximum duration of his employment at the power plant in Virginia would be approximately 16 months. However, since petitioner had no contract with his employer and was not a member of a union, his employment might terminate before the project was completed if there was a reduction in the number of electricians employed at the project. The *499 record also shows that petitioner's family had been living for over 3 years in Wilmington, North Carolina and that petitioner viewed Wilmington as his home. His daughters were teenage and were well located in school in Wilmington and well adjusted to their community life there. Petitioner hoped to find employment in the Wilmington area upon completion of the power plant project in Virginia, and in fact, he did so. Whether, under different circumstances, a period of 16 months might be considered sufficiently long as to reasonably expect that a taxpayer would move his home to the area of his work, we need not decide. Compare Dowd v. Commissioner, 37 T.C. 399 (1961), with Jones v. Commissioner, 54 T.C. 734 (1970). Under the facts of this particular case, we conclude that petitioner's employment at the power plant in Virginia was temporary. Decision will be entered for the petitioners. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩
2. The $ 429 of travel expenses and $ 421 of food and lodging expenses allowed by respondent related to petitioner's expenses during the months of January and February while he was employed in Florence, South Carolina.↩
3. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- * * *
(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; * * *↩