RICHARD F. CHRISTY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Christy v. Commissioner
Docket No. 4335-92
United States Tax Court
T.C. Memo 1993-156; 1993 Tax Ct. Memo LEXIS 158; 65 T.C.M. (CCH) 2369; April 12, 1993, Filed *158 Decision will be entered under Rule 155. For petitioner: William Henry Christy. For respondent: Frank D. Armstrong. DINAN
DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
1987
$ 4,760
$ 238
[1]
1988 5,552 --
--
1989 6,154 --
--
After concessions, the issues remaining for decision are: (1) Whether petitioner is entitled to deduct *159 "ordinary and necessary" expenses for travel "while away from home" in the pursuit of a trade or business within the meaning of section 162(a)(2); (2) whether petitioner is entitled to deduct certain claimed expenses in connection with a trade or business; and (3) whether petitioner is liable for additions to tax pursuant to section 6653(a)(1)(A) and (B). Some of the facts have been stipulated. The stipulations of fact and accompanying exhibits are incorporated herein by this reference. Petitioner resided in Asheville, North Carolina, at the time the petition was filed. 1. Travel expenses
During the years 1987, 1988, and 1989, petitioner regularly worked as a caddie for several professional golfers on the PGA tour. The work site (PGA tour event) changed weekly. As a result, petitioner traveled by automobile to many locations across the United States. For the years 1987, 1988, and 1989, petitioner worked 33, 31, and 29 tournaments, respectively. In 1984, petitioner occupied a room in the home of his brother, Robert H. Christy, Jr., in Asheville, North Carolina. There was no formal rental agreement. Although petitioner paid no rent, he did pay his portion of utilities, *160 phone bill, and food. In exchange, he was entitled to live in the basement of the house that his brother rented from their parents. In April 1985, petitioner's brother married, vacated their parents' house which was sold and purchased a condominium. Petitioner moved in with his brother and sister-in-law and continued the same living arrangement. During the tax years in question, petitioner maintained a room in his brother's (Robert Christy) condominium in Asheville, North Carolina, where he kept his belongings while he was on tour. Petitioner did not pay his brother rent during these years. Substantiation of expenses claimed is not challenged by respondent. Instead, the respondent contends that petitioner did not have a "tax home" from which he could have been away. The record reveals that petitioner registered his automobile in North Carolina and also maintained his voter registration there. In 1987, petitioner began working as a caddie on PGA tours. This required extensive travel from city to city. He estimates that he caddied for approximately 8-10 golfers per year. Petitioner testified that his automobile was essential for traveling from one tour to the next. Tours *161 usually lasted for a week and he would have a minimal amount of time to travel to the next tour. Petitioner's exhibits show that the monies paid to his brother during the tax years in question were around $ 500 per year. This figure does not include the phone bill allocations. Presumably these amounts have been deducted by petitioner on Schedule C since he testified that most of his time spent in Asheville was spent on the phone trying to schedule more business. Even if the phone expenses were included in the yearly amount of payments made to his brother, the figure would rise to only approximately $ 1,000 annually. In addition to the payments made by petitioner to his brother, he would care for his brother's son, do housework, and run errands. Petitioner claimed the following as "away from home" expenses on Schedule C of his income tax return for the years 1987, 1988, and 1989, in connection with his caddying: Item
1987
1988
1989
Car/Truck
$  5,025
$  4,525
$  5,563
Lodging
7,515
9,140
6,901
Meals/Ent.
3,136
3,504
4,017
Taxi
33
75
Tips
400
500
Laundry
40
73
Air Fare
1,232
$ 15,676
$ 17,642
$ 18,361
Deductions are strictly a matter *162 of legislative grace, and petitioner bears the burden of proving his entitlement to any deductions claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. 111, 115 (1933). In general, deductions for personal living expenses are disallowed under section 262. Section 162(a)(2) allows deductions for traveling expenses if the expenses are (1) ordinary and necessary, (2) incurred while "away from home", and (3) incurred in the pursuit of a trade or business. Bochner v. Commissioner,67 T.C. 824, 827 (1977). In this case, we are only concerned with whether the expenses at issue were incurred while petitioner was away from home. The purpose behind the deduction for expenses paid while a taxpayer is away from home is to ease the burden on the taxpayer who incurs additional and duplicate living expenses. Rosenspan v. United States, 438 F.2d 905, 912 (2d Cir. 1971); Tucker v. Commissioner, 55 T.C. 783, 786 (1971). One obvious prerequisite necessary to establish that one is away *163 from home is that the taxpayer actually have a home from which he can be away. Bochner v. Commissioner, supra at 828. In this respect, it has been held that an itinerant taxpayer who has no fixed place of residence or business locality travels with his home "on his back". Rosenspan v. United States, supra; Wirth v. Commissioner, 61 T.C. 855, 860 (1974). Thus, an itinerant taxpayer may not deduct his traveling expenses because he travels with his home, not away from it. In making a determination of where a taxpayer's home is, an examination of the taxpayer's contacts with his alleged home must be made. In this context, the taxpayer must show that he incurred substantial continuing living expenses at a permanent place of residence. James v. United States, 308 F.2d 204, 207-208 (9th Cir. 1962). Petitioner must meet his burden of proof as to whether he had a tax home for purposes of 162(a). Rule 142(a). Here we are convinced petitioner did not have a tax home from which he could have been away to incur such expenses. The majority of living expenses in *164 1987, 1988, and 1989 were incurred and paid where petitioner was physically present. The ratio of expenses paid on the road to the amounts paid to petitioner's brother in a best case scenario is 30:1. Petitioner has not proved that he incurred substantial living expenses at his alleged permanent place of residence. James v. United States, supra.Although we recognize petitioner has long-standing personal ties to Asheville, if we were to find Asheville as his tax home we "would place petitioner's home where his heart lies and render section 162(a)(2) a vehicle by which to deduct the full spectrum of one's personal and living expenses." Staley v. Commissioner, T.C.Memo. 1991-409, citing Bochner v. Commissioner, supra at 828-829; Scotten v. Commissioner, T.C. Memo. 1966-206, affd. 391 F.2d 274 (5th Cir. 1968). We hold that petitioner was an itinerant worker without a "home" for Federal income tax purposes during 1987, 1988, and 1989. Respondent's determination is sustained regarding this issue. 2. Whether petitioner *165 is entitled to deduct certain expenses paid in connection with a trade or business
Section 162(a) generally provides that there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. For an activity to constitute the carrying on of a trade or business, such activity must be carried on for livelihood or profit or there must be a profit motive. It is not whether a profit is made that is controlling, but rather that the activity be entered into in good faith with the intent of realizing a profit. Hirsch v. Commissioner, 315 F.2d 731 (9th Cir. 1963), affg. T.C. Memo. 1961-256. In determining whether an activity is one engaged in for profit, we must determine whether the taxpayer engaged in the activity with an actual and honest objective of making a profit. Dreicer v. Commissioner, 78 T.C. 642 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). Determination of the profit objective is based upon all the facts and circumstances. Golanty v. Commissioner, 72 T.C. 411 (1979), *166 affd. without opinion 647 F.2d 170 (9th Cir. 1981). Section 1.183-2(a), Income Tax Regs., states: Although a reasonable expectation of profit is not required, the facts and circumstances must indicate that the taxpayer entered into the activity, or continued the activity, with the objective of making a profit. In determining whether such an objective exists, it may be sufficient that there is a small chance of making a large profit. * * *
We hold that petitioner's activity as a caddie constitutes a trade or business. Accordingly, those expenses that are ordinary and necessary to petitioner's business, and not denied because of our holding relating to the "tax home", are deductible under 162(a), e.g., car/truck expenses, taxi fares, tips, and airfares. Therefore, an allocation shall be made to reflect the foregoing. 3. Whether petitioner is liable for additions to tax pursuant to section 6653(a)(1)(A) and (B)
If any part of an underpayment is due to negligence or intentional disregard of rules or regulations, section 6653(a)(1)(A) imposes an addition to tax. In addition, section 6653(a)(1)(B) further imposes an addition to tax in an *167 amount equal to 50 percent of the interest due on the portion of the underpayment due to negligence. Negligence is defined as a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner bears the burden of proving that he was not negligent. Rule 142(a). Petitioner testified that he neither reviewed nor signed his tax returns for the years in issue. For some reason his brother was given power of attorney to sign petitioner's returns. Petitioner failed to offer any testimony or evidence to meet his burden of proof on this issue. We therefore sustain respondent's determination on this issue. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on $ 454.↩