T.C. Memo. 1997-208

UNITED STATES TAX COURT

STEVE AND LURA PASHARIKOFF, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12996-96.                    Filed May 5, 1997.

Steve Pasharikoff, pro se.

David D. Choi, for respondent.

MEMORANDUM OPINION

DINAN, Special Trial Judge:   This case was heard pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

_____

    [1]    Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable year in
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax for 1993 in the amount of $2,509.

After a concession by petitioners,[2] the issue remaining for decision is whether petitioners are entitled to deductions for ordinary and necessary expenses for travel while away from home in the pursuit of a trade or business.

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioners resided in Downers Grove, Illinois, on the date the petition was filed in this case. All references to petitioner in the singular are to Steve Pasharikoff.

In 1993, petitioner traveled to Miami, Florida, from his home in Illinois to help his nephew repair property damage caused by Hurricane Andrew. Petitioner shared a friend's one-bedroom condominium, where he slept on a pullout couch.

Petitioner worked for Liberty Drywall, Inc. while he was in Florida. His job entailed supervising various construction sites and delivering building materials. Liberty Drywall, Inc. provided petitioner with a truck for driving from his living quarters to and between construction sites. As noted supra, petitioner concedes that he received $8,930 in self-employment income from Liberty Drywall, Inc. during 1993. Petitioner,

---

[2]     Petitioner husband concedes that he received and failed to report $8,930 in self-employment income for 1993, as determined by respondent in the statutory notice of deficiency.

however, claims that he is entitled to offset such income with deductions for living expenses paid while he was working in Florida.

Deductions are strictly a matter of legislative grace, and petitioners bear the burden of proving their entitlement to any deductions claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976) In general, deductions for personal living expenses are disallowed under section 262.

Section 162(a)(2) allows deductions for traveling expenses if the expenses are: (1) ordinary and necessary; (2) incurred while away from home; and (3) incurred in pursuit of a trade or business. Bochner v. Commissioner, 67 T.C. 824, 827 (1977). The purpose behind the deduction for expenses paid while a taxpayer is away from home is to ease the burden on the taxpayer who incurs additional and duplicate living expenses. Rosenspan v. United States, 438 F.2d 905, 912 (2d Cir. 1971); Tucker v. Commissioner, 55 T.C. 783, 786 (1971).

Petitioner testified that he paid $500 per month as rent for his living quarters, in addition to other living expenses such as food, laundry, and gasoline for his truck. Petitioner also testified that he paid $1,500 to repair the truck provided to him by Liberty Drywall Inc. Petitioner, however, failed to produce any receipts, documentary evidence, or witnesses at trial in support of his alleged expenses. It is well established that, in

the absence of corroborating evidence, we are not required to accept the self-serving and unverified testimony of a taxpayer. <u>Niedringhaus v. Commissioner</u>, 99 T.C. 202, 212 (1992); <u>Tokarski v. Commissioner</u>, 87 T.C. 74, 77 (1986).

Moreover, section 274(d) provides that no deduction is allowable under section 162 or 212 for any traveling expenses, including meals and lodging while away from home, or with respect to any listed property, defined in section 280F(d)(4) to include property used as a means of transportation, unless the taxpayer complies with strict substantiation rules. Sec. 274(d)(1), (4). In particular, the taxpayer must substantiate the amount, time, place, and business purpose of the expenses by adequate records or by sufficient evidence corroborating his own statement. Sec. 274(d); sec. 1.274-5T(b)(2), (c), Temporary Income Tax Regs., 50 Fed. Reg. 46014, 46016 (Nov. 6, 1985).

Based on the limited record in this case, we find that petitioners have failed to adequately substantiate petitioner's alleged expenses in accordance with the requirements of section 274(d). We therefore hold that petitioners are not entitled to deductions for expenses allegedly paid while petitioner worked in Florida.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.