T.C. Memo. 1998-245

UNITED STATES TAX COURT

RICHARD RAYMOND RAUSH, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3514-97.                          Filed July 6, 1998.

Richard Raymond Raush, pro se.

Anne W. Durning, for respondent.

MEMORANDUM OPINION

DINAN, Special Trial Judge:    This case was heard pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

---

[1]    Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable year in
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for 1993 in the amount of $3,934.

The issues for decision are: (1) Whether petitioner is entitled to a deduction for employee business expenses; and (2) whether petitioner received and failed to report interest income in the amount of $116.

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioner claimed that his residence was in Tempe, Arizona, on the date the petition was filed in this case.

Petitioner has been employed as a life/physical sciences high school teacher for the Calexico Unified School District in California since 1984. Petitioner's annual teaching contracts were for a 10-month period, usually beginning in August and ending in June. During the taxable year in issue, petitioner's wages from his teaching position in Calexico was his sole source of earned income. Petitioner's former wife, Jeanne M. Raush, and his son, George John Raush, lived in Chandler, Arizona, during 1993. Calexico is located over 200 miles southwest of Chandler.

The first issue for decision is whether petitioner is entitled to a deduction for employee business expenses. Petitioner claimed a Schedule A deduction in the amount of $15,469 for traveling expenses he paid in connection with his

teaching job in Calexico.  In the statutory notice of deficiency, respondent disallowed the claimed deduction.

Section 162(a) allows a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business including the trade or business of being an employee.  Commissioner v. Flowers, 326 U.S. 465 (1946).  Section 162(a)(2) allows a deduction for traveling expenses if the expenses are:  (1) Ordinary and necessary; (2) paid or incurred while away from home; and (3) paid or incurred in pursuit of a trade or business.  Bochner v. Commissioner, 67 T.C. 824, 827 (1977).  The purpose behind the deduction for expenses paid or incurred while a taxpayer is away from home is to ease the burden on the taxpayer who incurs additional and duplicate living expenses.  Rosenspan v. United States, 438 F.2d 905, 912 (2d Cir. 1971); Tucker v. Commissioner, 55 T.C. 783, 786 (1971).

For purposes of section 162(a)(2), the vicinity of a taxpayer's principal place of business or employment generally is considered his "home".  Mitchell v. Commissioner, 74 T.C. 578, 581 (1980).  If a taxpayer chooses for personal reasons to maintain a residence far from his permanent place of employment, traveling expenses to and from the place of employment are nondeductible personal expenses.  Sec. 262; Bochner v. Commissioner, supra at 827.

Petitioner's position is that his "home" during 1993 was in Chandler. He argues that he conducted research and writing activities in the Chandler area during 1993 which he considered his primary business activity. Respondent's position is that petitioner's "home" during 1993 was in Calexico. Respondent argues that petitioner is not entitled to the claimed deduction because the expenses were not paid while he was away from home.

Based on the record, we find that petitioner's primary place of business or employment, and thus his "home" under section 162(a)(2), was in Calexico. Petitioner earned his living as a high school teacher in Calexico. We are not convinced that he conducted research, writing, or other business activities in Chandler which allow his teaching activity in Calexico to be treated as other than his primary business activity. According to his tax returns filed with respondent, he earned no income from these other activities from 1991 through 1996. Moreover, we find the actual time petitioner spent in Chandler during which these activities could have been conducted insubstantial in comparison to the actual time he spent teaching in Calexico. He worked full-time in Calexico during the school year and testified that he spent at least 1 month of his 2-month summer vacation in Alaska with his son, George, in an activity for which he claimed Schedule C business expense deductions which were allowed by respondent. We find that he maintained his residence in Chandler

out of personal preference and not because of any business necessity. Commissioner v. Flowers, 326 U.S. 465 (1946).

We conclude that petitioner's "home" for purposes of section 162(a)(2) was in Calexico. Accordingly, we hold that he is not entitled to his claimed deduction for traveling expenses paid in connection with his employment in Calexico because he was not "away from home" when such expenses were paid. Respondent's determination on this issue is sustained.

The second issue for decision is whether petitioner received and failed to report interest income in the amount of $116.

On his 1993 return, petitioner reported that he received interest income from Bank of America in the amount of $795. In the statutory notice of deficiency, respondent determined that petitioner failed to report an additional $116 of interest income as reported to respondent by Bank of America on a Form 1099-INT.

Section 61(a) includes in gross income all income from whatever source derived including, but not limited to, interest. Sec. 61(a)(4). In his petition to the Court, petitioner contended that "as far as I know my interest income was declared in full". At trial, respondent's counsel stated that she had copies of respondent's information return program documents that show the unreported amount determined in the statutory notice of deficiency, but that she did not "intend to introduce them into evidence". In addition, a copy of the Form 1099-INT from Bank of America was not made part of the record in this case. In the

absence of any evidence in the record of unreported interest income, we hold that petitioner did not receive and fail to report interest income in the amount of $116 for 1993.  Cf. sec. 6201(d).

To reflect the foregoing,

Decision will be entered under Rule 155.