T.C. Summary Opinion 2001-22


UNITED STATES TAX COURT



CLARKE D. AND JOANNE S. BITTNER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15428-99S.                     Filed March 7, 2001.



Clarke D. and Joanne S. Bittner, pro se.

<u>Linda Love Vines</u>, for respondent.


        WOLFE, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for the years in issue.

Respondent determined deficiencies in petitioners' Federal income taxes for 1993, 1994, and 1995 of $1,808, $2,632, and $2,308, respectively. The sole issue for decision is whether petitioners are entitled to deductions for rent expense claimed on their 1993, 1994, and 1995 Federal income tax returns.[1] We hold that petitioners are not entitled to these deductions.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Dallas, Pennsylvania, when the petition in this case was filed.

Petitioners jointly own a home in Dallas, Pennsylvania. During 1993, 1994, and 1995 petitioners also maintained an apartment in New York City. During these years, petitioner Joanne S. Bittner (Mrs. Bittner) was employed as an operating nurse by St. Luke's/Roosevelt Hospital (the hospital) in New York City. The hospital is located at West 59th Street. As a full-time employee of the hospital, Mrs. Bittner was entitled to rent an apartment at 515 West 59th Street (the New York City apartment) from St. Luke's/Roosevelt Staff Housing. Mrs. Bittner executed a lease with St. Luke's/Roosevelt Staff Housing to rent the New York City apartment month to month on February 1, 1990. The month-to-month lease ended in July 1999. During the years in

---

[1] Petitioners' liability for self-employment taxes and corresponding deductions are computational adjustments that depend on the resolution of this issue.

issue, the rent charged for the apartment was $620 per month. Mrs. Bittner paid the rent through biweekly payroll deductions.

Petitioner Clarke D. Bittner (Mr. Bittner) is an actor. Mr. Bittner contends that during the years in issue he needed to maintain an apartment in New York City for use in his acting career. Mr. Bittner also contends that he sublet the New York City apartment from his wife during these years. Mr. Bittner further alleges that he paid rent to his wife by giving her promissory notes and that he paid the notes by depositing his revenue from his acting career into a joint checking account that he and Mrs. Bittner maintained. Mr. Bittner has not alleged that his acting career required him to maintain a home in Dallas.

During the years in issue, petitioners generally occupied the New York City apartment on those days when Mrs. Bittner worked at the hospital and when Mr. Bittner's acting career required him to be in New York. During the weekends, petitioners normally returned to their residence in Dallas.

On their 1993, 1994, and 1995 Federal income tax returns, petitioners claimed deductions for rent of $5,580, $7,550, and $5,580, respectively. Petitioners contend that Mr. Bittner paid rent to his wife for use of the apartment in New York while he was traveling away from home in pursuit of his acting career. Petitioners contend that their tax home was in Dallas during these years. Respondent argues that petitioners are not entitled

to the claimed deductions for rent because petitioners' tax home for 1993, 1994, and 1995 was New York City and not Dallas, so that, even if the intra family rent concept were accepted, Mr. Bittner made no rent payments to his wife for expenses incurred while he was away from home.

Generally, a taxpayer may not deduct personal expenses. See sec. 262. However, section 162(a) allows a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Specifically, section 162(a) allows a deduction for traveling expenses, including amounts for meals and lodging, if the expenses are: (1) Ordinary and necessary; (2) incurred while away from home; and (3) incurred in pursuit of a trade or business. See sec. 162(a)(2); Commissioner v. Flowers, 326 U.S. 465, 470 (1946). The purpose underlying the allowance of this deduction is to alleviate the burden falling upon a taxpayer whose business requires that he or she incur duplicate living expenses. See Tucker v. Commissioner, 55 T.C. 783, 786 (1971); Kroll v. Commissioner, 49 T.C. 557, 562 (1968). Whether the taxpayer satisfies the conditions necessary for this deduction is a question of fact. See Commissioner v. Flowers, supra at 470. Generally, a taxpayer may not deduct the expenses of travel away from home unless the travel is required by the exigencies of his business, rather than by his "personal conveniences and

necessities". Commissioner v. Flowers, supra at 474.  For purposes of section 162(a), the taxpayer's principal place of business or employment is generally considered his or her tax home.  See Mitchell v. Commissioner, 74 T.C. 578, 581 (1980). Accordingly, if a taxpayer chooses for personal reasons to maintain a residence away from his place of employment, expenses for lodging in the vicinity of the principal place of business or employment, which is his or her tax home, are not deductible because the taxpayer is not away from home.  See sec. 162(a); Bochner v. Commissioner, 67 T.C. 824, 827 (1977); Foote v. Commissioner, 67 T.C. 1, 4-5 (1976).

During 1993, 1994, and 1995 the principal place of business of each petitioner was New York City.  During these years, Mrs. Bittner was employed as an operating nurse in New York City, and Mr. Bittner needed to maintain a residence in New York City because of his acting career.  Petitioners have failed to present any evidence that they maintained their residence in Dallas for economic or business purposes.  Accordingly, we find that petitioners maintained their residence in Dallas out of personal preference and not because of any business necessity.  See Commissioner v. Flowers, supra.  Mr. Bittner was not away from home when he occupied the apartment in New York City.  Any payments Mr. Bittner made toward the cost of maintaining the New York City apartment were payments for maintenance of the family

home and were not deductible as payments for business expenses paid or incurred while away from home.

Moreover, transactions among family members that result in the distribution of income within a family unit "are subject to the closest scrutiny." Van Zandt v. Commissioner, 40 T.C. 824, 830 (1963), affd. 341 F.2d 440 (5th Cir. 1965); Coombs v. Commissioner, T.C. Memo. 1984-366. A transaction that is entered into solely for the purpose of tax reduction and which has no economic or commercial objective to support it is a sham and without effect for Federal income tax purposes. See Rice's Toyota World, Inc. v. Commissioner, 81 T.C. 184 (1983), affd. in part and revd. in part 752 F.2d 89 (4th Cir. 1985).

We find that petitioners' supposed rental agreement was solely motivated by tax concerns and not by any commercial or financial objectives. Mr. Bittner alleges that he paid rent to his wife by giving her promissory notes and that he paid such notes when he deposited revenue from his acting career into petitioners' joint checking account. Petitioners do not assert that Mr. Bittner's supposed business use of the apartment prevented Mrs. Bittner from using or enjoying the apartment. Instead, petitioners concede that Mrs. Bittner occupied the apartment when she was employed at the hospital. Contrary to petitioners' assertions, these circumstances merely demonstrate that Mr. Bittner contributed to maintaining petitioners' marital

residence.  Accordingly, we find that petitioners did not enter into their supposed rental arrangement for economic or commercial objectives.  Instead, we find that petitioners concocted this sham arrangement solely to claim tax benefits with respect to their principal residence and tax home in New York.  There was no real rent here except for the rent Mrs. Bittner paid to the hospital for the apartment she was allowed to rent because she was a full-time employee of the hospital.

For reasons set forth above, we hold that petitioners are not entitled to the deductions for rent expense they claimed on their 1993, 1994, and 1995 Federal income tax returns.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.