GARRY D. BECK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Beck v. Commissioner
Docket Nos. 14619-80, 10219-82.
United States Tax Court
T.C. Memo 1984-555; 1984 Tax Ct. Memo LEXIS 117; 48 T.C.M. (CCH) 1425; T.C.M. (RIA) 84555; October 17, 1984. *117 Held:
(1) Petitioner's wages are includible in income; (2) Petitioner is not entitled to any deduction under sec. 162(a), I.R.C. 1954; (3) Petitioner is liable for additions to tax under sec. 6653(a), I.R.C. 1954; (4) This proceeding was instituted in this Court merely for delay and, therefore, damages are awarded to the United States in the amount of $500. Garry D. Beck, pro se Judy K. Hunt and Sharon C. Armuelles, for the respondent. WHITAKER MEMORANDUM OF FINDINGS OF FACT AND OPINION WHITAKER, Judge: In these consolidated cases, [1] respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Addition to Tax
Year
Deficiency
Sec. 6653(a) [2]
1977
$7,415.50
$357.28
1978
9,525.53
476.28
1979
6,152.00
308.00
The issues for decision are: (1) Whether wages received by petitioner are income; (2) whether petitioner is entitled to deductions under *118 section 162(a); (3) whether petitioner is liable for additions to tax under section 6653(a); and (4) whether damages under section 6673 should be awarded. None of the facts were stipulated prior to trial. [3] However, due to deficient and frivolous answers by petitioner, all matters set forth in respondent's request for admissions in docket No. 14619-80 were deemed admitted for purposes of this case by order dated January 19, 1983. FINDINGS OF FACT Garry D. *119 Beck (petitioner) [4] resided in Tampa, Florida, when the petitions were filed in this consolidated case. For each of the years 1977, 1978 and 1979 petitioner claimed one exemption and "married filing separately" status on his Federal income tax returns. On his 1977 return, petitioner reported as income wages of $23,051; in 1978, he reported as income wages of $27,751; and, in 1979, he reported as income wages of $23,405 and interest of $11. On the attached Schedule A for each of these years petitioner claimed a deduction for charitable contributions equal to his reported income. On line 2 of each Schedule A petitioner inserted the statement "Entire salary of [amountequal to income] was turned over to the Basic Bible Church of America and its Religious Order, the Order of Almighty God" or words to the same effect. As a result of the claimed offsetting charitable contributions, petitioner reported zero taxable income and zero tax liability for each year. Since no Federal income taxes had been withheld, [5] petitioner's request for a refund in each year was limited to FICA amounts withheld.In the notices of deficiency issued to petitioner, respondent disallowed in their entirety *120 the claimed charitable contributions and, in addition to deficiencies, asserted additions to tax under section 6653(a). Between November 12 and December 31, 1977, petitioner received a Doctorate of divinity, was ordained a minister of the Basic Bible Church of America, established and became the head of Chapter 7918 of that church and took a vow of poverty pledging his entire gross receipts to his church. Apparently, petitioner and his family were the only members of Chapter 7918 of the Basic Bible Church of America. Both before and after his ordination and the creation of his chapter, petitioner worked as a pipefitter for various employers. Beginning in January 1978, petitioner deposited part of his income in checking accounts opened in the name of the chapter of the Basic Bible Church of America that he had founded. The portion of petitioner's income which was not deposited was used *121 for miscellaneous personal living expenses. One month after the creation of the first of these church accounts, petitioner and his wife abandoned their joint personal checking account and thereafter used the church accounts to pay personal, living and family expenses. For example, checks were written on the church accounts by petitioner's wife to pay for rent, car and motorcycle maintenance, insurance and repairs, gasoline, food, baby sitters and child care, utilities and credit card purchases. Despite his vow of poverty, petitioner at all times retained unfettered power to control, and spend as he chose, the income he allegedly contributed to his church. From January 1, 1977, to approximately August 1, 1977, petitioner lived with his family in LaPorte, Texas, and was employed by Pullman Kellog Division of Pullman, Inc., in Houston. In August 1977, petitioner moved his family to Tampa, Florida. [6] From August 15, 1977, to June 3, 1978, petitioner was employed by theTennessee Valley Authority in a nuclear plant in Chattanooga, Tennessee. Petitioner lived in a rented mobile home in Chattanooga which his family shared for over 2 of the 10 months petitioner resided in Tennessee. *122 From June 6, 1978, through May 4, 1979, petitioner was employed by R.E. Griesemer, Inc., in Indianapolis, Indiana. Petitioner's family resided with him in Indianapolis continuously from July through December 1978. From May 7, 1979, through August 31, 1979, petitioner was employed by Fred McGilvray, Inc., in West Palm Beach and Hollywood, Florida, and from September 10, 1979, at least through December 1979, [7] petitioner was employed by Grinnell Fire Protection Svs. in New Wales, Florida. OPINION In his petitions and opening memorandum brief, petitioner argued that, due to his "church, ministry, vow of poverty and pledge" of income to his church, he was exempt from taxation under sections 501(c)(3) and 508(c)(1) or, in the alternative, was entitled to charitable contribution deductions under section 170 equal to his total income for each of the years *123 1977, 1978 and 1979. [8] *124 During the trial, the Court directed petitioner's attention to McGahen v. Commissioner,76 T.C. 468 (1981), affd. without opinion 720 F.2d 664 (3d Cir. 1983), which, in circumstances virtually identical to this case, held that the ostensible "church" was not tax exempt and disallowed all charitable contributions. [9] Petitioner cavalierly and erroneously asserted that the facts in McGahen were substantially different from those of the instant case. In his initial post-trial brief, filed March 27, 1984, petitioner persisted in arguing that he was exempt from taxation as a church or was entitled to charitable deductions equal to his income. We conclude that the facts in this case are in all material respects the same as in McGahen, which decision is controlling here. In his reply brief filed June 4, 1984, petitioner reiterated these meritless arguments [10] but purported to abandon them by stating: Petitioner will and does (under duress) completely drop the contributions to the Church as an issue. The petitioner reserves the right to raise it at a later time in another court. [11] *125 To avoid any potential confusion as to our decision concerning petitioner's arguments, we hold for respondent on this issue. Petitioner is not exempt from taxation as a church or entitled to deductions for charitable contributions equal to his income in any of the years in issue. As discussed infra, we also hold that these frivolous contentions bear directly on petitioner's liability for damages under section 6673. Commencing with the petition in docket No. 10219-82, petitioner argued that he is not a person liable for tax because, as he stated in his brief, "he was unenfranchised and acting without benefit of a grant of privilege" and that he did not derive any taxable income during the years in issue. [12] These arguments have repeatedly and conclusively been rejected in prior cases. Beard v. Commissioner,82 T.C. 766, 773 (1984); Rowlee v. Commissioner,80 T.C. 1111, 1119-1120 (1983), appeal dismissed nolle pros. (2d Cir., March 23, 1984). The Court refused to permit petitioner to continue to waste *126 judicial time and resources addressing these patently frivolous arguments during trial. Since they are unquestionably meritless, these arguments are summarily rejected. Shortly before the trial petitioner, for the first time, asserted that, if his other arguments fail, he is entitled to substantial business deductions for expenses incurred in connection with what he characterizes as temporary employment during each of the years in issue. [13] Petitioner seeks to deduct $7,025.64 in 1977, $3,737.68 in 1978 and $2,780.78 in 1979 [14] for expenses which include lodging, food, car loan payments, gasoline, auto repairs, car insurance and license plates, car washes, work clothes, air travel and rental of U-haul trailers. If deductions for these expenses are allowed, petitioner asserts *127 that his tax liability would be zero in 1977 and very small in 1978 and 1979. Petitioner bears the burden of proving he is entitled to these deductions. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). To carry his burden, he must show that such expenses were ordinary and necessary expenses paid or incurred in connection with his trade or business while he was away from home. Section 162(a); Commissioner v. Flowers,326 U.S. 465, 470 (1946); Bochner v. Commissioner,67 T.C. 824, 827 (1977). Further, petitioner cannot rely solely on his own testimony to make the required showing but must substantiate such expenses with adequate records or sufficient corroborating evidence of the amount, time, *128 place and business purpose of each expense.Section 274(d). [15]
As a general rule, a taxpayer's home for purposes of section 162(a) is the vicinity of his principal place of business or employment. Mitchell v. Commissioner,74 T.C. 578, 581 (1980); Kroll v. Commissioner,49 T.C. 557, 561-562 (1968). Petitioner asserts that his home during the years in issue was Tampa, Florida, although the record does not indicate that he ever worked or resided there.Assuming arguendo that, prior to January 1977, petitioner worked inTampa, to warrant deduction of the business expenses claimed, petitioner must show that all of his employment during 1977, 1978 and 1979 was temporary. Peurifoy v. Commissioner,254 F.2d 483, 486 (4th Cir. 1957), affd. 358 U.S. 59, 60 (1958); McCallister v. Commissioner,70 T.C. 505 (1978); Norwood v. Commissioner,66 T.C. 467, 469 (1976). To qualify for a deduction under the temporary-indefinite rule, the employment *129 must be "temporary in contemplation at the time of its acceptance and not indeterminate in fact as it develops." McCallister v. Commissioner,supra at 509. Employment is temporary if its termination within a short period of time can be foreseen. Mitchell v. Commissioner,supra at 581; Stricker v. Commissioner,54 T.C. 355, 361 (1970), affd. 438 F.2d 1216 (6th Cir. 1971). In contrast, employment is indefinite if either termination within a "fixed or reasonably short period of time" cannot be foreseen or it continues for a substantial or indefinite duration. Cockrell v. Commissioner,321 F.2d 504, 507 (8th Cir. 1963), affg. 38 T.C. 470 (1960). The determination of whether a job is temporary or indefinite is a factual question.The Court must examine all the circumstances of the case before reaching its conclusion on this issue. Frederick v. United States,603 F.2d 1292, 1296 (8th Cir. 1979); see McCallister v. Commissioner,supra;Kroll v. Commissioner,supra.
Petitioner failed to offer any evidence from which the Court can determine whether any of petitioner's employment during the years in issue was temporary. Nothing in the record indicates (i) petitioner's or his various employers' *130 expectations as to job length; (ii) statements, if any, to petitioner as to the potential duration of any employment; (iii) the type of work or project on which petitioner was employed from which the potential duration of employment might be inferred; or (iv) the reasons for termination. Petitioner also failed to offer evidence that any of the expenses for which he claimed a deduction were in any way related to his employment. We repeatedly admonished petitioner that we could not make any determination based on the documents received in evidence that any expenses were deductible. For example, the Court advised petitioner that the documents submitted by petitioner were "almost entirely meaningless to the Court" and that "* * * [t]he mere fact that you put a whole stack of documents in front of the Court, doesn't necessarily discharge your burden of proof." Despite these admonitions, and more than ample opportunity extended to petitioner, petitioner did not make any attempt to offer the type of substantiation required by section 274(d). Given petitioner's failure to offer any proof on this issue, we hold that petitioner is not entitled to any business deduction under section 162(a)(2) *131 for any of the years in issue. [16]
Respondent determined that petitioner is liable for additions to tax under section 6653(a) for underpayment of taxes due to negligence or intentional disregard of rules and regulations. Petitioner bears the burden of showing that such determination is incorrect. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972); Axelrod v. Commissioner,56 T.C. 248, 258 (1971). Petitioner presented no evidence on this issue. Consequently, the addition to tax under section 6653(a) in each of the years in issue is sustained. [17] *132 The final issue [18] is whether damages should be awarded pursuant to section 6673 for instituting a proceeding before this Court merely for delay. [19] *133 The reasons for awarding such damages are set forth in Wilkinson v. Commissioner,71 T.C. 633, 639-643 (1979), and Hatfield v. Commissioner,68 T.C. 895, 899 (1977). At the time the petition was filed in docket No. 14619-80, the Court's decision in McGahen v. Commissioner,76 T.C. 468 (1981), affd. without opinion 720 F.2d 664 (3d Cir. 1983), had not yet issued and petitioner, arguably, may not have instituted that proceeding merely for delay. However, the petition in docket No. 10219-82 was filed over a year after the McGahen decision which conclusively held that petitioner's arguments that he was exempt from taxation as a church and entitled to charitable contribution deductions equal to income were meritless. Also in this later petition, other patently frivolous arguments to avoid taxation were initially raised. In these circumstances, we conclude that the proceeding commenced by the filing of the petition in docket No. 10219-82 was instituted merely for delay and it is appropriate to impose upon petitioner the maximum damages of $500. [20] *134 Decision will be entered for the respondent.
Footnotes
1. Docket Nos. 14619-80 and 10219-82 were consolidated for purposes of trial, briefing and opinion by order of the Chief Judge. ↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
3. During trial, the parties entered into a conditional stipulation concerning the deductions for interest and taxes to which petitioner was entitled in each of the years in question. Allowance of these deductions was conditioned on petitioner offering satisfactory evidence that such expenses were, in fact, paid from his earnings at his request. Despite this explicit condition, and ample opportunity, petitioner offered no evidence that these expenses were paid from his earnings. Therefore, no deduction for these items is allowed. Similarly, no deduction is allowed for interest payments not included in the conditional stipulation since no evidence was offered that such interest was ever paid or, if paid, was paid by petitioner.↩
4. Petitioner's name has also appeared as "Gary D. Beck" on documents filed in this proceeding. For purposes of this opinion, the more prevalent spelling "Garry D. Beck" will be used. ↩
5. For reasons undisclosed by the record, no taxes were withheld by any of petitioner's employers from 1976 through 1979.↩
6. The record is silent as to petitioner's employment or residence prior to Jan. 1977. However, petitioner apparently had been in Tampa, Florida, prior to 1977 since checks were written on an account with a Tampa Bank in Dec. 1976. ↩
7. The record is silent as to when, if ever, petitioner's employment with Grinnell Fire Protection Svs. ended.↩
8. The petition in docket No. 14619-80 asserts only that petitioner was exempt from taxation, whereas the petition in docket No. 10219-82 also asserts the alternative bases for zero tax liability. During trial petitioner argued in the alternative as to all years in issue. Even if petitioner's arguments in this regard had any merit, wages received by petitioner prior to December 1977 could not be retroactively immunized from tax liability.
9. Following McGahen v. Commissioner, 76 T.C. 468 (1981), affd. without opinion 720 F.2d 664 (3d Cir. 1983), the Court has consistently upheld the disallowance of charitable contributions or asserted tax exemption to ministers of Basic Bible Church of America chapters. E.g., Love v. Commissioner,T.C. Memo. 1983-648; Snyder v. Commissioner, T.C. Memo. 1983-626; Holliman v. Commissioner,T.C. Memo. 1983-568; Jenny v. Commissioner,T.C. Memo. 1983-1; Graf v. Commissioner,T.C. Memo. 1982-317; McElhannon v. Commissioner,T.C. Memo. 1982-196; Hall v. Commissioner,T.C. Memo. 1981-143↩. 10. Despite the imprecise discussion in his reply brief, it is clear that petitioner's capitulation is intended to cover both the argument that he was exempt from taxation as a church and entitled to charitable contributions equal to his wages. ↩
11. Having invoked the jurisdiction of this Court, petitioner cannot abandon an issue in the hope of finding a warmer reception for clearly unwarranted and frivolous arguments on appeal. Section 7482.
12. Petitioner seeks to characterize the wages he received as proceeds from the sale of gift property and argues that since the wages received were equal in value to the property (labor) transferred, he had no excess gain to be reported as taxable income. This absurd characterization is in direct opposition to the proper characterization given to wages by petitioner on his tax returns for each of the years in issue.↩
13. Although this issue was not raised in the notice of deficiency or the pleadings, both parties addressed it at trial and on brief. Having been tried by consent, it is properly dealt with in these proceedings. Rule 41(b)(1). ↩
14. Petitioner's itemization of these expenditures does not correspond to the total deductions sought and, in some instances, petitioner claims the same expense more than once. Given our determination of this issue, we need not attempt to resolve these discrepancies.↩
15. Unless section 274(d) is satisfied, no deduction for traveling expenses can be allowed, and no approximation of them is permitted. Sanford v. Commissioner,50 T.C. 823 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969), cert. denied 396 U.S. 841↩ (1969).
16. The fact that petitioner may have been permitted deductions for similar items in prior years is irrelevant to our determination in this matter. Those years are not at issue before this Court and cannot affect our decision. Section 6214(b); see Casey v. Commissioner,T.C. Memo. 1960-227. While petitioner may well have incurred some deductible expenses, we do not on this record have any basis for applying Cohan v. Commissioner,39 F.2d 540↩ (2d Cir. 1930).
17. Starting with McGahen v. Commissioner,76 T.C. 468 (1981), affd. without opinion 720 F.2d 664 (3d Cir. 1983), the Court has consistently sustained additions to tax under section 6653(a)in factually similar cases. See cases cited, supra↩ at 7 note 9.
18. The petition in docket No. 10219-82 cites as error respondent's determination that petitioner is entitled to one exemption. While petitioner may have been entitled to three additional exemptions in 1978 and two additional exemptions in 1979, petitioner offered no evidence on this issue. Therefore, the Court must sustain respondent's determination that petitioner is entitled to only one exemption in each of the years in issue. ↩
19. Section 6673, as in effect prior to amendment by section 292(b), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 574, provided as follows: Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.
20. In cases commenced after Dec. 31, 1982, or pending on Nov. 15, 1984, the amount of damages which may be imposed was increased to $5,000 and the instances in which damages are appropriate have been broadened to include proceedings which have been instituted or maintained primarily for delay or where the taxpayer's position in such proceedings is frivolous or groundless. Petitioner's argument that damages cannot be awarded because the Court did not specifically direct him to argue this matter at the end of the trial is not supported by the explicit language of sec. 6673, which authorizes the Cort to award such damages whenever↩ they appear warranted and does not condition such award on any prior notice or opportunity to be heard.