JAMES D. CLIFTON AND SHIRLEY CLIFTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clifton v. Commissioner
Docket No. 24663-82.
United States Tax Court
T.C. Memo 1985-395; 1985 Tax Ct. Memo LEXIS 228; 50 T.C.M. (CCH) 647; T.C.M. (RIA) 85395; August 7, 1985. James D. Clifton, pro *229 se. Jonathan J. Ono, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined a deficiency of $1,807 in income tax due from petitioners for 1979. After concessions, the issues for our decision are: (1) Whether petitioners are entitled to a deduction for employee business expenses of $2,393; (2) whether petitioners are entitled to a deduction for certain Schedule C expenses in the amount of $7,313.15; and (3) whether petitioners are entitled to a deduction for a casualty loss in the amount of $1,300. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioners, James D. and Shirley Clifton, resided in Las Vegas, Nevada, at the time they filed their petition in this case. Petitioners timely filed a joint income tax return for 1979 with the Internal Revenue Service at Ogden, Utah. Employee Business Expenses
Petitioner, James Clifton, was employed as a driver by Reynolds Electric and Engineering Company, Inc., at an area within the Nevada Test Site. Petitioners maintained their family *230 residence in Las Vegas, and Mr. Clifton commuted 150 miles to the test site on a weekly basis. During 1979 he received a daily subsistence allowance from Reynolds in the total amount of $2,393 which was included in the gross income reported on the 1979 return. He rented a room from his employer for $5.25 per week and estimated that he spent approximately $8.25 per day for meals. On the return, petitioners estimated his expenses for room and board at $6,271.20, but claimed only $2,393 as a deduction for employee business expenses. Schedule C Expenses
During 1979 petitioner, Shirley Clifton, worked as a regional leader for Tri-Chem Corporation. Tri-Chem manufactures paint products which are used by individuals such as Mrs. Clifton to make or decorate craft and hobby items which they sell in their homes and neighborhoods. In the course of such work, Mrs. Clifton incurred expenses for supplies, awards and prizes to her sales personnel, as well as for travel and entertainment. On the joint tax return, Mrs. Clifton deducted $2,122.25 and respondent allowed $1,368.25 for supplies. She claimed $2,436.87 and respondent allowed $536.87 for awards and prizes. [1] The amounts *231 disallowed by respondent were evidenced by unidentified cash register receipts which Mrs. Clifton testified she had collected during the year and placed in an envelope marked "expenses." She conceded that some of these receipts may have been for personal items and that she had not maintained books of account or any other record of her business for Tri-Chem. Casualty Loss
In 1979, Mrs. Clifton's automobile was burglarized. A police report was filed by petitioners reflecting a total loss of $1,389.60. The loss included some blouses which had been decorated by Mrs. Clifton with her Tri-Chem paint. It also included personal items in an unspecified amount.However, most of the loss consisted of inventory or supply items which were deducted on the 1979 return as cost of goods sold. Petitioners received no insurance reimbursement and claimed a casualty loss of $1,400 (before the $100 exclusion) which they determined by taking the original cost of each item and adding to it an amount which they estimated was the value of their time and labor in producing the finished product. *232 Respondent disallowed the deduction in its entirety. OPINION Employee Business Expenses
Section 162(a)(2) [2] allows a taxpayer to deduct traveling expenses if he can establish that they were: (1) ordinary and necessary; (2) incurred while "away from home"; and (3) incurred in the pursuit of a trade or business. Commissioner v. Flowers,326 U.S. 465, 470 (1946); Bochner v. Commissioner,67 T.C. 824, 827 (1977). A taxpayer's "home" for purposes of section 162(a)(2) is the vicinity of his principal place of business or employment, and not where his personal residence is located, if such residence is located in a different place from his principal place of employment. Mitchell v. Commissioner,74 T.C. 578, 581 (1980); Krollv. Commissioner,49 T.C. 557, 561-562 (1968); Garlock v.Commissioner,34 T.C. 611, 614 (1960). However, an exception *233 to this rule exists when a taxpayer accepts employment which is away from his tax home and is temporary as opposed to indefinite. Peurifoy v. Commissioner,254 F.2d 483, 486 (4th Cir. 1957), affd. per curiam 358 U.S. 59 (1958). Under the exception, the taxpayer's "tax home" does not shift to the vicinity of his temporary employment and he is regarded as being "away from home" while working at such location. Employment is temporary if its termination within a short period of time can be foreseen. Mitchell v. Commissioner,supra;Albert v. Commissioner,13 T.C. 129, 131 (1949). Employment is indefinite if its termination within a fixed or reasonably short period of time cannot be foreseen, Stricker v. Commissioner,54 T.C. 355, 361 (1970), affd. 438 F.2d 1216 (6th Cir. 1971), or is continued for a substantial or indefinite duration. Garlock v.Commissioner,supra at 615. The burden of proving that the employment was temporary rests on the taxpayer. Welch v.Helvering,290 U.S. 111 (1933); Rule 142(a). The Court of Appeals for the Ninth *234 Circuit, to which an appeal from this case would lie, has devised a slightly different test for determining whether a taxpayer's "tax home" has shifted to the site of employment. In Harvey v. Commissioner,283 F.2d 491, 495 (9th Cir. 1960), revg. 32 T.C. 1368 (1959), the Court of Appeals stated that employment is indefinite "if there is a reasonable probability knownto [the taxpayer] that he may be employed for a long period of time at his new station. What constitutes 'a long period of time' varies with circumstances surrounding each case." [Emphasis in original.] Subsequent opinions by the Ninth Circuit on the same question reveal that its approach to the exception to the general "tax home" rule may not differ materially from the view of this Court. See, e.g., Coombs v. Commissioner,608 F.2d 1269, 1274-1276 (9th Cir. 1979), affg. in part, revg. in part, and remanding in part 67 T.C. 426 (1976). [3] On this record, however, it is unnecessary to discuss what differences, if any, exist between the two approaches, because we conclude that under either the temporary-indefinite test of this Court, or under the *235 Harvey test, petitioner has failed to prove that his employment at the Nevada Test Site was not indefinite. He presented no evidence on this point. We conclude, therefore, that Mr. Clifton's employment was indefinite and he is not entitled to the employee business expense deduction. Petitioners apparently contend that the $7.50 per week subsistence allowance Mr. Clifton received during 1979 is excludible ("deductible") from income.Respondent rejoins that in the absence of a specific exemption, subsistence allowances are included in gross income under section 61(a). In Commissioner v. Kowalski,434 U.S. 77, 84 (1977), the Supreme Court held that a state trooper was required to include in his gross income cash payments, designated as meal allowances, paid to him by the state. In reaching this conclusion, the Court stated the following: Section 119 provides that an employee may exclude from income "the value of any meals * * * furnished to him by his employer for the convenience of the employer, but only if * * * the meals are furnished on the business premises of the employer * *236 * *." By its terms, sec. 119 covers meals furnished by the employer and not cash reimbursements for meals. [Emphasis in the original.] Like the taxpayer in Kowalski, petitioner had complete dominion over his cash allowance and could spend it as he pleased. Cf. Sibla v. Commissioner,611 F.2d 1260 (9th Cir. 1980). We conclude, therefore, that Mr. Clifton's subsistence allowance was properly included in income. Schedule C Expenses
Section 162(a) provides a deduction for all ordinary and necessary business expenses incurred during the taxable year in carrying on any trade or business. It is well established that a taxpayer bears the burden of proving entitlement to a deduction. Welch v. Helvering,290 U.S. 111 (1933); New Colonial Ice Co. v.Helvering,292 U.S. 435 (1934). See also Rule 142(a). Taxpayers have no inherent right to deductions; they are a matter of legislative grace. Interstate Transit Lines v. Commissioner,319 U.S. 590, 593 (1943). Their bare assertion that the return is correct will not sustain the burden of proof. Roberts v.Commissioner,62 T.C. 834 (1974); *237 Reinertson v. Commissioner,T.C. Memo. 1977-130. We are also not bound to accept the unverified and undocumented testimony of petitioners. Hradeskyv. Commissioner,65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir 1976). Unidentified and unmarked receipts, such as those presented by petitioners in this case are clearly inadequate for determining the deductibility of a claimed expense, especially in view of Mrs. Clifton's admission that part of the receipts may evidence personal expenditures. Respondent's disallowance of part of the deductions claimed for supplies and awards and prizes is sustained. Casualty Loss
Petitioners claimed a casualty loss in the amount of $1,300 which respondent disallowed in its entirety. Section 165(c), as in effect for the year in issue, allowed a loss to an individual incurred in a trade or business and casualty losses of personal property not used in a trade or business in amounts exceeding $100. On the police report, the stolen property was identified as "Tri-Chem Products." At trial, Mrs. Clifton testified that the "majority" of the stolen items had been purchased from Tri-Chem *238 and that the purchases were included in her computation of cost of goods sold on the 1979 return. On brief, however, petitioners assert that only 10 percent of the items were used in business and that the remainder of the items were personal in nature. Petitioners argue that they are entitled to deduct the loss under section 165(c) as a personal loss. Based on the record as a whole, we find that the items were used in Mrs. Clifton's business and were not personal in nature. The amount deductible as the result of a theft loss is the lesser of the difference between the fair market value of the property preceding the theft and its fair market value immediately thereafter or the adjusted basis of the property. Secs. 1.165-7(b) and 1.165-8, Income Tax Regs. Since petitioners correctly included the cost of the Tri-Chem products in their cost of goods sold, the items have been expensed and their adjusted basis is zero. In B.C. Cook & Sons, Inc. v.Commissioner,59 T.C. 516 (1972), we addressed a similar issue. In that case, amounts embezzled by an employee were erroneously shown on the company's books as purchases and were therefore incorrectly included in the *239 taxpayer's cost of goods sold. The embezzlement was discovered and a theft loss deduction claimed in a later year. We held that the taxpayer was entitled to the theft loss in the later year and that the Commissioner's proper remedy for the erroneous inclusion of the amounts included in cost of goods sold was through mitigation provisions applicable to double deductions. Stressing that in Cook the property stolen was cash, we contrsted that situation with the situation of the theft of the same item which was properly expensed in the same year as the theft. We stated: [I]n the Robinson case the taxpayer took certain deductions which fully depleted his tax basis in certain timber rights. In 1942 he sustained a casualty loss equal to the value of the timber rights. He then attempted to claim a casualty loss deduction for the value loss which was sustained. However, since his basis in the timber rights had been reduced to zero as the result of prior deductions which appear to be properly claimed, there was no basis remaining to be deducted at the time the loss was incurred. By contrast, the present case involves the embezzlement of cash which is neither depreciable *240 nor depletable. Hence the Robinson cases is distinguishable on its facts. [Emphasis in original.] B.C. Cook & Sons, Inc. v. Commissioner,59 T.C. at 521. We later stated in National Home Products, Inc. v. Commissioner,71 T.C. 501, 528 (1979): Respondent seems to recognize that in accounting for a theft of inventory, a taxpayer may either claim the loss occasioned by the shortage as a loss under section 165 or as a part of the cost of goods sold. In the instant case we find that petitioners included the stolen items in the cost of goods sold for 1979 and they are not entitled to an additional deduction under section 165. Decision will be enteredunder Rule 155.
Footnotes
1. The parties have agreed on the amount which is properly deductible for travel and entertainment.↩
2. All section references are to the Internal Revenue Code of 1954 as in effect during the year in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
3. See also Long v. Commissioner,T.C. Memo. 1984-309↩.