RAYMOND K. AND DONNA C. YEATES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Yeates v. Commissioner
Docket No. 28091-86.
United States Tax Court
T.C. Memo 1988-259; 1988 Tax Ct. Memo LEXIS 290; 55 T.C.M. (CCH) 1075; T.C.M. (RIA) 88259; June 16, 1988. Raymond K. Yeates, pro se. Paul M. Kohlhoff, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: In a timely statutory notice of deficiency, respondent determined a deficiency in petitioners' Federal income tax for taxable year 1983 of $ 2,968. After concessions by petitioners, the issues for determination are: (1) Whether the petitioners are entitled to a deduction under section 162(a)(2) [1] for expenses incurred by Mr. Yeates while away from home. *291 (2) Whether petitioners are entitled to a moving expense deduction. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. The Yeateses are husband and wife and resided in Rogers, Arkansas, at the time their petition herein was filed. They are cash basis, calendar year taxpayers who filed a joint Federal income tax return for the taxable year at issue. Mr Yeates' trade or business is that of a journeyman electrician, an occupation in which he had been involved since 1941. Prior to 1975, the Yeateses lived in Chicago, Illinois. Mr. Yeates worked in and around the Chicago area at jobs obtained through his membership in Local 134 of the International Brotherhood of Electrical Workers (IBEW). It was the practice of Local 134 to choose which of its members would be assigned to available jobs based on seniority. Since Mr. Yeates had been a member *292 of Local 134 since 1952, he was able to work regularly due to his high seniority in the local. In 1975, the Yeateses moved to Fort Smith, Arkansas. Mr. Yeates obtained employment in the Fort Smith area through IBEW Local 700. However, in 1979, he began experiencing difficulty in securing employment in Arkansas. After unsuccessful job-hunting trips to Colorado and Arizona, he was able to secure employment from January 1980 through April of 1981, in southern California through Local 569 in San Diego and Local 11 in Los Angeles. Mrs. Yeates joined Mr. Yeates while he was employed in California and they lived together in San Clemente. In April of 1981, petitioners acquired their present home in Rogers, Arkansas. However, Mr. Yeates continued to work in California through September of 1981. In October of 1981, Mr. Yeates returned to the Chicago area, where he obtained employment through Local 134. He worked in and around Chicago from October 1981 through February of 1982, from June through August of 1982, and from September through November of 1982. During 1983, Mr. Yeates worked in Chicago from January 19 through July 14 and then from July 20 through December 16. On January 31, 1983, Mr. *293 Yeates signed a 12-month lease on an apartment in suburban Chicago. During 1984, all of Mr. Yeates' employment was in the Chicago area. In 1985, Mr. Yeates worked through May in the Chicago area. He then worked for four and one-half months in California and three weeks in Texas. In 1986, Mr. Yeates worked the entire year in the Chicago area except for two weeks in California and three weeks in Kansas City, Missouri. On March 1, 1987, Mr. Yeates retired. On their Federal income tax return for 1983, petitioners deducted $ 16,156.25 in employee business expenses attributable to Mr. Yeates' travel and living expenses incurred while working away from his home in Rogers, Arkansas. Petitioners also claimed $ 333.05 as a deduction for moving expenses incurred with respect to house-hunting trips to Chicago made by Mr. Yeates in January of 1983. Respondent disallowed petitioner's employee business expenses and moving expenses in their entirety. Respondent contends that for taxable year 1983, Mr. Yeates' "tax home" was Chicago, Illinois, and he was thus not entitled to deduct travel expenses and living expenses incurred while working away from Rogers, Arkansas. Respondent concedes *294 that petitioners are entitled to a moving expense deduction for amounts incurred by Mr. Yeates in moving to Chicago, but argues that he has failed to substantiate the claimed deduction. OPINION
1. Business Expenses Section 162(a)(2) allows a taxpayer to deduct traveling expenses, including meals and lodging, if such expenses are (1) ordinary and necessary; (2) incurred while "away from home;" and (3) incurred in the pursuit of a trade or business. Commissioner v. Flowers,326 U.S. 465, 470 (1946); Bochner v. Commissioner,67 T.C. 824, 827 (1977). To determine whether petitioners' expenses were deductible under section 162(a)(2), we must therefore determine whether the expenses in question were incurred while "away from home." Generally, a taxpayer's home for purposes of section 162(a)(2) is the place where his principal place of business or employment is located and not the location of his personal residence. Mitchell v. Commissioner,74 T.C. 578, 581 (1980). An exception to this rule is recognized when the taxpayer's principal place of business is "temporary" rather than "indefinite," in which case his personal residence *295 is considered to be his "tax home." Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958). Employment is temporary if it can be expected to last for only a short period of time. Mitchell v. Commissioner, supra.Employment is indefinite if it can be expected to continue for an indeterminate or substantially long period of time. Stricker v. Commissioner,54 T.C. 355, 361 (1961), affd. 438 F.2d 1216 (6th Cir. 1971). Whether employment is temporary or indefinite involves an essentially factual inquiry and is determined based on the facts and circumstances of each case. Tucker v. Commissioner,55 T.C. 783, 786 (1971). Petitioners bear the burden of proof. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a). After careful review of the entire record before us, we find that Mr. Yeates' employment in the Chicago area during 1983 was of indefinite duration. Thus his tax home during the year at issue was located in Chicago. Petitioner contends that the lack of permanence in any of the jobs he received through Local 134 in Chicago rendered his stay there temporary. Lack of permanence, *296 however, does not in and of itself make a job temporary. Garlock v. Commissioner,34 T.C. 611, 614 (1960). Petitioner argues that because the various jobs he received through the union local were of short duration, and because there was no guarantee he would find more work at each job's conclusion, there was no assurance he would remain employed in the Chicago area. These factors, however, only point to the nonpermanent nature of his employment and do not prove that it was temporary. McCallister v. Commissioner,70 T.C. 505, 510 (1978). The fact that all of Mr. Yeates' employment during 1983 and 1984 was in Chicago and that substantial portions of 1982, 1985 and 1986 were spent working in Chicago supports the conclusion that his employment in Chicago was of indeterminate duration. The few trips outside Chicago for work and the brief interruptions between jobs assigned by the local during this period are not enough to transmute what is essentially a single period of indefinite employment into separate periods of temporary employment. Blatnick v. Commissioner,56 T.C. 1344, 1348 (1971). We have no doubts that petitioner would have *297 preferred to secure employment in Arkansas near his residence. His stay in Chicago was "temporary" only in the sense that he would leave as soon as suitable employment could be found in Arkansas. However, there was no way of predicting when or if this would occur. Thus his stay in Chicago, the only place where he was assured of fairly steady employment due to his seniority in the local union, was of indefinite duration. We thus conclude that the expenses petitioner incurred in 1983 in traveling to and living near his jobs in Chicago were nondeductible personal expenses under section 262. We note, however, that $ 574 of the $ 16,156.25 in employee business expenses claimed by petitioners were for air fare incurred as a result of job hunting trips to California and Texas. These costs were adequately substantiated and are thus properly deductible. Respondent's disallowance of the remainder is sustained.
2. Moving Expense Respondent has conceded that petitioner is entitled to a deduction for the expense of moving to Chicago to the extent he can substantiate those expenses. Petitioner testified that he drove approximately 1,500 miles in traveling to and from Chicago and *298 searching for an apartment. We found petitioner's testimony to be credible in this regard. Under the facts of the instant record, we deem application of the Cohan rule to be appropriate. See Cohan v. Commissioner,39 F.2d 540, 544 (2d Cir. 1930). The 20.5 cents per mile standard mileage rate used in calculating the deductible costs of using an automobile for business purposes provides an appropriate means of determining petitioner's costs in traveling to Chicago in search of an apartment. See Rev. Proc. 83-73, 1983-2 C.B. 593. Petitioner is therefore entitled to a moving expense deduction of $ 307.50 (1500 x .205). To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. ↩