ROBERT RICHEY GOLDEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Golden v. Commissioner
Docket No. 16652-92
United States Tax Court
T.C. Memo 1993-602; 1993 Tax Ct. Memo LEXIS 611; 66 T.C.M. (CCH) 1658; December 20, 1993, Filed *611 Robert Richey Golden, pro se. For respondent: Horace Crump. COUVILLION
COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) [1] and Rules 180, 181, and 182. Respondent determined the following deficiencies in petitioner's Federal income taxes, addition to tax, and penalty: Addition to Tax and Penalty
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6662(b)(1)
1988
$ 1,763
$ 88.15
--
1989
2,036
--
$ 407.20
The parties advised the Court at trial that several adjustments in the notice of deficiency were settled; however, the parties did not advise the Court of the basis upon which these adjustments were settled. The remaining issues for decision are: (1) Whether petitioner is entitled to itemized deductions for unreimbursed employee business expenses under section 162(a) *612 and (a)(2), and (2) whether petitioner is liable for the addition to tax for 1988 and the penalty for 1989. Some of the facts were stipulated, and those facts, with the annexed exhibits are so found and incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was Clayton, Alabama. The expenses in question revolve around petitioner's employment in the archery or bow-hunting department of a sporting goods store. Prior to the years in question, from 1983 through 1985, petitioner had been in business for himself as the sole proprietor of an indoor archery range and pro shop in Athens, Alabama. As part of his pro shop, petitioner sold archery and bow-hunting equipment, made repairs, and gave target archery demonstrations. Sometime during 1985, petitioner and his wife divorced, and, because of the divorce, petitioner discontinued his business. Petitioner, however, had acquired a reputation as an expert in bow hunting and archery. Following the close of his business, he worked part time as a consultant or adviser to at least two other sporting goods businesses during 1985, 1986, and 1987. Sometime in either late 1987 or early 1988, petitioner *613 was approached by one of the businesses to assist in the design and layout of the archery and bow-hunting department at a new store location then under construction at Decatur, Alabama. Petitioner assisted in this endeavor, and, when the store opened in June 1988, he began full-time employment in charge of that department. There were other departments in the store, with which petitioner was not involved, including guns, fishing, outdoor clothing, and general hunting. The business was in the name of a corporation, The Outdoor Sportsman, Inc. (the Outdoor Sportsman), the principal owner of which was an individual, Marlin Anderson, Jr. (Mr. Anderson). Some of the expenses at issue include expenses petitioner incurred in attending the Dallas Shot Show in December 1988 and December 1989 at Dallas, Texas. This was a trade show which petitioner had previously attended when he was in business for himself. The show featured the display and sales of guns, hunting and archery equipment, and included demonstrations by factory representatives. Petitioner found it beneficial to attend this show, not only to learn about new equipment but to order, at substantial discounts, merchandise for *614 his store. When petitioner commenced his employment in June 1988, either the Outdoor Sportsman or Mr. Anderson purchased a new 1989 Dodge Dakota pickup truck which was allotted to petitioner for his sole use. The understanding was that petitioner would pay the payments of $ 234 each month on the truck and would also pay for its maintenance. When the truck was fully paid, the title was to be transferred to petitioner. The vehicle expenses at issue consist of the monthly payments and maintenance expenses paid by petitioner during 1988 and 1989 on this truck. The other element of expenses consists of expenses petitioner incurred in putting on demonstrations of archery equipment, speaking appearances before bow hunters, and school appearances. In August 1989, petitioner's employment was terminated after he returned from a 2-week vacation. He and Mr. Anderson had irreconcilable differences, and, as a result, petitioner left his employment. He returned the 1989 Dodge Dakota pickup truck to his former employer. Petitioner was never reimbursed for any of the expenses he incurred in connection with his employment. On his 1988 and 1989 Federal income tax returns, petitioner claimed *615 deductions for employee business expenses on Internal Revenue Service Form 2106, Employee Business Expenses, as follows: 1988
1989
Vehicle expense
$ 1,459.69
$ 3,941.27
Parking fees, tolls, transportation
317.87
325.75
Travel expenses while away from home
450.00
450.00
Business expenses not included above
575.00
675.00
Meals and entertainment
525.75
560.75
Total
[1] $ 3,329.31
$ 5,952.77
Less 20% nondeductible floor
(sec. 274(n))
[2] 665.86
[2] 1,190.55
Amount claimed on Schedule A, Job
Expenses & Most Other Miscellaneous
Deductions
[3] $ 3,329.31
[3] $ 5,952.77
*616 After deducting 2 percent of his adjusted gross income for 1988 and 1989, pursuant to section 67(a), petitioner claimed $ 2,948.69 and $ 5,518.93 as itemized deductions for employee business expenses for 1988 and 1989, respectively, on his income tax returns. Respondent disallowed both amounts for the reason that petitioner "did not furnish the information needed to support the claimed deduction." In general, section 162 allows a taxpayer a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Performance of services as an employee constitutes a trade or business. Primuth v. Commissioner, 54 T.C. 374, 377 (1970). Section 162(a)(2) allows a deduction for traveling expenses, including amounts expended for meals and lodging, if the expenses are (1) ordinary and necessary, (2) incurred while "away from home", and (3) incurred in pursuit of a trade or business. Bochner v. Commissioner, 67 T.C. 824, 827 (1977). Section 262, however, provides generally that no deduction shall be allowed for personal, living, or family expenses. A taxpayer's cost *617 of traveling between his residence and place of business generally is not deductible because such cost is considered a personal commuting expense. Sec. 262; Commissioner v. Flowers, 326 U.S. 465 (1946); Green v. Commissioner, 59 T.C. 456, 458 (1972); secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs.
With respect to the deduction for traveling expenses away from home, including meals and lodging away from home, under section 162(a)(2), and with respect to the deduction for any entertainment, amusement, or recreation activity under section 162(a), even if not away from home, it is necessary that the claimed expenses be substantiated in accordance with section 274(d) by "adequate records" or by other sufficient evidence corroborating the claimed expenses. Sec. 1.274-5(a)(1), Income Tax Regs. To meet the adequate records requirements of section 274(d), a taxpayer "shall maintain an account book, diary, statement of expenses or similar record * * * and documentary evidence * * * which, in combination, are sufficient to establish each element of an expenditure." Sec. 1.274-5(c)(2)(i), Income Tax Regs. (emphasis added). *618 The elements to be proven with respect to each traveling expense are the amount, time, place, and business purpose of the travel. Sec. 1.274-5(b)(2), Income Tax Regs. The substantiation requirements of section 274(d) are designed to encourage taxpayers to maintain records, together with documentary evidence substantiating each element of the expense sought to be deducted. Sec. 1.274-5(c)(1), Income Tax Regs.
With respect to local transportation expenses, as distinguished from travel expenses away from home, a deduction for such expenses, for tax years after 1985, must also meet the substantiation requirements of section 274(d). Sec. 274(d)(1); sec. 1.274-5T(a)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). This is by virtue of an amendment to section 274(d), effective for taxable years beginning after December 31, 1985, which provides that no deduction shall be allowed with respect to "listed property" as defined in section 280F(d)(4), unless the taxpayer substantiates by adequate records or corroborative evidence (A) the amount of the expense, (B) the time and place of use, (C) the business purpose, and (D) the business relationship *619 of the taxpayer to the persons using the listed property. Sec. 274(d)(4). A passenger automobile is listed property. Sec. 280F(d)(4)(B)(i). Also included as listed property is any other property used as a means of transportation. Sec. 280F(d)(4)(B)(ii). Section 280F(d)(5)(A) defines a "passenger automobile" as any four-wheeled vehicle manufactured primarily for use on public streets, roads, and highways that meets certain weight standards. A pickup truck, such as was used by petitioner in this case, is not excepted from the definition and constitutes a "passenger automobile" and additionally constitutes property used as a means of transportation. The elements required to substantiate a deduction for listed property under section 274(d) include the amount of each separate expenditure with respect to the listed property, the amount of each business use based on the appropriate measure (mileage for automobiles or property used as a means of transportation), date of use, and business purpose of use. Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). To substantiate the deduction by means of adequate records, the taxpayer *620 must maintain an account book, diary, log, statement of expense, trip sheets, or similar records, and documentary evidence which, in combination, are sufficient to establish each element of that expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). In general, to be adequate, a record must be written and must be prepared or maintained in such a manner that each recording of an element of an expenditure or use that must be substantiated is made at or near the time of that expenditure or use. Sec. 1.274-5T(c)(2)(ii)(C)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46019 (Nov. 6, 1985). The expenses claimed by petitioner for 1988 and 1989 included traveling expenses incurred away from home under section 162(a)(2) and local transportation expenses, meals and entertainment, and other expenses under section 162(a). Based upon the law recited above, the following expenses are subject to the substantiation requirements of section 274(d): 1988
1989
Vehicle expenses
$ 1,459.69
$ 3,941.27
Parking fees, tolls, transportation
317.87
325.75
Travel expenses while away from home
450.00
450.00
Meals and entertainment
525.75
560.75
*621 Petitioner produced no records at trial to substantiate any of the above expenses. Additionally, with respect to the vehicle expenses (which consisted of the monthly payments and maintenance expenses on the 1989 Dodge Dakota pickup truck), petitioner used the truck to commute from his home to his place of employment. That aspect of the use of the truck constituted personal use, and the expense for such use is not deductible under section 262. Other than petitioner's unsupported testimony, there is nothing in the record to establish any of the elements required to be proven under section 274(d), either for the claimed transportation expenses and the meals and entertainment under section 162(a), or the traveling expenses away from home under section 162(a)(2). Petitioner did not substantiate the above expenses as required by section 274(d). Respondent, therefore, is sustained in the disallowance of these expenses. Petitioner claimed other business expenses not included above in the amounts of $ 575 and $ 675, respectively, for 1988 and 1989. These expenses were incurred in putting on gun and knife shows, demonstrations, and speeches before schools and bow-hunting groups. While *622 the nature of these expenses was not established, the Court accords petitioner the benefit of the doubt and assumes that such expenses were not of the type subject to the substantiation requirements of section 274(d). When a taxpayer has insufficient records to substantiate such expenses, this Court is permitted to estimate an amount when the Court is satisfied from the record that the taxpayer in fact incurred such expenses. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). In making an estimation, there must be sufficient evidence to show that an amount was actually spent or incurred for the purposes claimed. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957). Furthermore, in making an estimate, the Court must bear heavily on the taxpayer, "whose inexactitude is of his own making". Cohan v. Commissioner, supra at 554. With respect to this category of expenses, the Court finds that petitioner is entitled to a deduction in the amount of $ 100 for each of the years in question. These amounts, however, are subject to the 2 percent floor provided by section 67(a). Respondent *623 determined petitioner was liable for an addition to tax under section 6653(a)(1) for 1988 and the penalty under section 6662(a) and (b)(1) for 1989. Section 6653(a)(1) provides that, if any part of an underpayment of income tax is due to negligence or disregard of rules or regulations, there shall be added to the tax an amount equal to 5 percent of the underpayment. Negligence is defined as lack of due care or failure to do what a reasonable and ordinarily prudent person would do under like circumstances. Neely v. Commissioner, 85 T.C. 934 (1985). Section 6662(a) provides that, if it is applicable to any portion of an underpayment in taxes, there shall be added to the tax an amount equal to 20 percent of the portion of the underpayment to which section 6662 applies. Section 6662(b)(1) provides that section 6662 shall apply to any underpayment attributable to negligence or disregard of rules or regulations. Section 6662(c) provides that the term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws, and the term "disregard" includes any careless, reckless, or intentional disregard *624 of rules or regulations. It is well established that petitioner bears the burden of proof on this issue. Bixby v. Commissioner, 58 T.C. 757 (1972). Petitioner presented no evidence to establish that he was not negligent or did not disregard rules or regulations. On the issues he litigated, petitioner claimed deductions for expenses for which he presented no records, as required by law, for substantiation. The Court concludes that petitioner failed to sustain his burden of proof on this issue and concludes that he is liable for the addition to tax for 1988 and the penalty for 1989. Respondent, therefore, is sustained on these adjustments. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. There is a mathematical error in the addition. The correct amount is $ 3,328.31.↩
2. Petitioner computed 20 percent of all the expenses shown. Sec. 274(n)↩ applies only to 20 percent of expenses for food and beverages and any item with respect to an activity relating to entertainment, amusement, recreation or with respect to a facility. The computations, therefore, appear excessive and should apply only to the meals and entertainment. Thus, the nondeductible expenses should be $ 105.15 and $ 112.15, respectively, for 1988 and 1989, representing 20 percent of the meals and entertainment shown.
3. Even though petitioner computed the 20 percent nondeductible portion under section 274(n), he, nevertheless, did not deduct the $ 665.86 and $ 1,190.55 from the total expenses claimed. The $ 3,329.31 and $ 5,952.77 amounts claimed on Schedule A include 20 percent of meals and entertainment expenses, which are not deductible under sec. 274(n)↩.